1 | Muriel B. Kaplan, Esq. (SBN 124607)
Shivani Nanda, Esq. (SBN 253891)
2 | SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
3 | San Francisco, CA 94104
(415) 882-7900
4 | (415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
5 | snanda@sjlawcorp.com

6 | Attorneys for Plaintiffs

**ORIGINAL FILED**
2013 AUG -1 P 1:01
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

KAW

RUSSELL E. BURNS and RICHARD PIOMBO, in their respective capacities as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA;

PENSION TRUST FUND FOR OPERATING ENGINEERS;

PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND;

OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICE, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND,

HEAVY AND HIGHWAY COMMITTEE; and

OPERATING ENGINEERS LOCAL 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO,

Plaintiffs,

v.

C A S FINANCIAL & CONSTRUCTION SERVICES, INC., a California corporation,

Defendant.

Case No.: CV 13 3569

**COMPLAINT**

## Parties

1. The Operating Engineers' Health and Welfare Trust Fund for Northern California

-1-
**COMPLAINT**
Case No.:

(which includes the Addiction Recovery Program, Inc.); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan); Pensioned Operating Engineers' Health and Welfare Trust Fund; Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). They and their fiduciaries are together referred to herein as "ERISA Plaintiffs." Russell E. Burns and Richard Piombo are Co-Chairmen of the Joint Boards of Trustees of the ERISA Plaintiffs with authority to act on behalf of all Trustees.

2. The Heavy and Highway Committee is a Trust established under the Labor Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

3. Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and is represented by counsel herein for the limited purpose of collecting union dues owing as part of the subject contribution claims of Plaintiffs, and not for any other cause of action. The Union expressly reserves its rights to pursue any other cause of action on its own behalf.

4. C A S Financial & Construction Services, Inc., a California corporation, is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

## Jurisdiction

5. Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

6. Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the Plaintiffs seek to enforce the terms and conditions of a written agreement between the Defendant and the Union.

7. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

### Venue

8. Venue exists in this Court with respect to the claims under ERISA § 502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

9. Venue exists in this Court with respect to the claims under LMRA §301(a) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

### Intradistrict Assignment

10. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where the ERISA Plaintiffs' funds, the Bargained Plans and dues were administered during the period claimed herein, and where Defendant therefore failed to fulfill its statutory and contractual obligations to the ERISA Plaintiffs.

### Bargaining Agreement

11. The Union and Defendant entered into a collective bargaining agreement requiring employer contributions to the Plaintiff Funds, and to the Union for union dues and to the Bargained Plans more fully described in the Master Agreement. That Agreement is referred to herein as the "Bargaining Agreement," and the ERISA Plaintiffs and Trust Funds are third party beneficiaries of that Bargaining Agreement.

12. Under the terms of the Bargaining Agreement, Defendant is required to pay certain contributions to the Vacation and Holiday Pay Plan; Contract Administration Fund; Job Placement Center and Market Area Committee Market Preservation Fund; Operating Engineers Industry Stabilization Trust Fund; Business Development Trust Fund; Engineering and Utility Contractors

-3-
COMPLAINT
Case No.:

Association Industry Promotion Fund, together referred to herein as "Bargained Plans." Plaintiff Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Plans under the Bargaining Agreement.

13. Under the terms of said Bargaining Agreement and of the governing documents of the ERISA Plaintiffs, which are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to submit monthly reports of hours worked by its employees, and to regularly pay to the Plaintiff ERISA Funds, to the Union for union dues, and to the Bargained Plans, certain sums of money, the amounts of which are determined by the hours worked by employees of Defendant, all as more fully set forth in said Bargaining Agreement. Also under the terms of said Bargaining Agreement and the governing documents of the Plaintiff Funds, Defendant agreed to pay liquidated damages for each delinquent payment, which become part of the contributions. Defendant further agreed to pay interest on the combined contributions and liquidated damages at the rates set by the Bargaining Agreement, from the day immediately following the date that each such payment became due until paid in full, all as more fully set forth or incorporated into said Bargaining Agreement.

14. Under the terms of said Bargaining Agreement and of the governing documents of the ERISA Plaintiffs which documents are incorporated in the Bargaining Agreement and made binding on Defendant, Defendant is required to permit an authorized Trust Fund representative to examine such records of Defendant as is necessary to determine whether Defendant has made full payment of all sums owed to the Plaintiffs, all as more fully set forth in said governing documents, as amended, and incorporated in the Bargaining Agreement.

## Facts

15. Defendant has a statutory duty to timely make required payments to the ERISA Plaintiffs under ERISA § 515, 29 U.S.C. § 1145.

16. Defendant has a contractual duty under the Bargaining Agreement to timely report and pay required contributions, liquidated damages and interest to the ERISA Plaintiffs and the Bargained Plans, and to timely make the required payment of union dues to the Union.

17. Defendant failed to pay contributions and contribution balances due, as reported by

-4-
**COMPLAINT**
Case No.:

Defendant, for hours worked by its employees during the time period January 2013 through March 2013, and liquidated damages and interest thereon. In addition, Defendant has failed and refused to submit a contribution report and payment for hours worked by its employees during the month of June 2013. Liquidated damages and interest have incurred and are owing for the unpaid contributions owed for this period, as well as for prior late paid contributions. Plaintiffs reserve the right to conduct an audit to determine whether there are any additional amounts due. Plaintiffs are also entitled to recover any and all liquidated damages and interest payable on any other late or unpaid contributions found due (by audit, paystubs, etc.).

18. Defendant's failure and refusal to make payments as alleged herein was at all times, and still is, willful. Defendant continues to breach said Bargaining Agreement, and the governing documents of the ERISA Plaintiffs incorporated into the Bargaining Agreement and made binding on Defendant, by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with malicious intent.

19. Defendant has a contractual duty under the Bargaining Agreement to provide reports of monthly amounts due, pay amounts due, and to timely make the required contributions, liquidated damages and interest to the ERISA Plaintiffs, the Bargained Plans, and to timely make the required payment of union dues to the Union. By failing to make such timely payments as required, Defendant has breached said duty.

20. Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing documents of the ERISA Plaintiffs referred to therein, and are restrained from continuing to refuse to perform as required thereunder.

21. This Court is authorized to issue injunctive relief based on traditional standard. As set forth above, Plaintiffs have a strong likelihood of success on the merits. There is the possibility that the Trustees and the participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor Plaintiffs.

-5-
COMPLAINT
Case No.:

P:\CLIENTS\OE3CL\CAS Financial and Construction Services Inc\Pleadings\Complaint\CAS Financial and Construction Service - Complaint 073113.doc

Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For an order enjoining Defendant from violating the terms of the Bargaining Agreement and the governing documents of the ERISA Plaintiffs, and enjoining Defendant from disposing of any assets and continuing operations of its business until it complies with said terms.

2. For judgment against Defendant in favor of the ERISA Plaintiffs, Bargained Plans, and the Union, in an amount equal to:

    (a) All unpaid contributions due for hours worked as specified above and thereafter through the time of judgment pursuant to ERISA §502(g)(2)(A), 29 U.S.C. §1132(g)(2)(A) as required:

        (i) To the ERISA Plaintiffs, in accordance with ERISA §502(g)(2)(A), 29 U.S.C. §1132(g)(2)(A) and the Bargaining Agreement;

        (ii) To the Bargained Plans, in accordance with the Bargaining Agreement; and

        (iii) To the Union for dues, in accordance with the Bargaining Agreement.

    (b) Liquidated damages in an amount equal to the greater of:

        (i) Interest on the unpaid contributions, or

        (ii) Liquidated damages on the aforementioned unpaid contributions, in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, as well as ERISA §502(g)(2), 29 U.S.C. §1132(g)(2) with respect to the ERISA Plaintiffs.

    (c) Interest on the aforementioned unpaid contributions at rates and in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, as well as ERISA §502(g)(2)(B), 29 U.S.C. §1132(g)(2)(B) with respect to the ERISA Plaintiffs, and the applicable legal rate with respect to dues, and where otherwise appropriate.

    (d) Any additional contributions payable to Plaintiffs and the Bargained Plans as third party beneficiaries of the Bargaining Agreement at time of judgment, plus interest and liquidated damages thereon and on prior late paid contributions, in accordance with the Bargaining

1 Agreement, the governing documents of the ERISA Plaintiffs, as well as ERISA §502(g)(2), 29 U.S.C. §1132(g)(2) with respect to the ERISA Plaintiffs.

    (e) Audit compliance as may be requested by Plaintiffs in accordance with Trust Procedures; payment of amounts found due on audit, and audit testing fees in accordance with the Bargaining Agreement and governing documents of the ERISA Plaintiffs, in accordance with ERISA § 502(g)(2)(E).

    (f) Reasonable attorneys' fees and costs of this action in accordance with ERISA §502(g)(2)(D), 29 U.S.C. §1132(g)(2)(D) for the ERISA Plaintiffs; in accordance with the collective bargaining agreement for all Bargained Plans; and in accordance with LMRA §301, 29 U.S.C. §185 for all Plaintiffs.

    3. That the Court retain jurisdiction of this case pending compliance with its orders.

    4. For such other and further relief as the Court may deem just and proper.

Dated: July 31, 2013

SALTZMAN & JOHNSON
LAW CORPORATION

By: _____
Shivani Nanda
Attorneys for Plaintiffs